948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerry SHANNON, Plaintiff-Appellant,
v.
Cecil MURRAY, Defendant-Appellee.
 No. 90-2665.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.*
Decided Nov. 26, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury verdict was entered against plaintiff Gerry Shannon on his claim brought pursuant to 42 U.S.C. § 1983 for false arrest and the exercise of excessive force in making the arrest. Mr. Shannon argues on appeal that the district court erred by refusing to grant his motion for additional discovery to depose defendant's expert witness; by refusing to permit the testimony of his rebuttal witness; and by permitting the defendant to introduce forty-six new jury instructions during the trial.[1] Because of these alleged errors, Mr. Shannon now asks this court to reverse the jury's verdict and remand to the district court for a new trial. After reviewing the record, we conclude that the district court acted within its discretion and we affirm the judgment in favor of the defendant.
 
 
 2
 1. Additional Discovery.
 
 
 3
 Mr. Shannon contends that he was unfairly prejudiced when the district court allowed the defendant's expert witness, Dr. John J. Flaherty, to testify without giving Mr. Shannon additional time to depose Flaherty. Because Flaherty was not deposed, Mr. Shannon claims that his counsel was not sufficiently prepared for trial and thus was unable to effectively cross-examine Flaherty. In support of his contention, Mr. Shannon states that his counsel received notice that Flaherty would be testifying as an expert witness on April 9, 1990, which was only ten days prior to the start of the trial. Further, Mr. Shannon asserts that the defendant violated Rule 16 of the Federal Rules of Civil Procedure since, in the defendant's pretrial order, Flaherty was listed as a witness, but not as an expert witness. Finally, Mr. Shannon points to Federal Rule ofCivil Procedure 26 and its provisions for discovery of expert witnesses to bolster his claim that he was unfairly prejudiced.
 
 
 4
 We review a district court's decision on discovery matters under an abuse of discretion standard. Olive Can Co. v. Martin, 906 F.2d 1147, 1152 (7th Cir.1990). Likewise, decisions on the admissibility of expert testimony during the course of a trial are also governed by an abuse of discretion standard. Gorby v. Schneider Tank Lines, Inc., 741 F.2d 1015, 1018 (7th Cir.1984).
 
 
 5
 In ruling on whether to allow a witness to testify who was not included on a Rule 16 pretrial witness list, a district court should consider:
 
 
 6
 1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified;
 
 
 7
 2) the ability of that party to cure the prejudice;
 
 
 8
 3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and
 
 
 9
 4) bad faith or willfulness in failing to comply with the court's order.
 
 
 10
 Spray-Rite Service Corp. v. Monsanto Co., 684 F.2d 1226, 1245 (7th Cir.1982), aff'd, Monsanto Co. v. Spray-Rite Service Corp., 465 U.S. 752, 104 S.Ct. 1464 (1984). Here, the record indicates that the district court gave proper consideration to these factors in allowing Flaherty's testimony. The district court expressly found that any surprise was minimal since Flaherty was listed as a witness and as a physician on the defendant's pretrial order filed two months earlier, he was simply not explicitly designated as an expert. In addition, the district court noted that plaintiff's counsel did have some advance notice of Flaherty's appearance as an expert, and that "a deposition would have been difficult, but not impossible." (Tr. at 387). Further, the district court granted a recess immediately prior to the start of Flaherty's testimony to give Mr. Shannon's counsel time to consult with an outside expert over Flaherty's position. There is no evidence of bad faith.[2]
 
 
 11
 We believe that the district court's treatment of the plaintiff's requests for more time was appropriate, given the numerous extensions already given to plaintiff's counsel throughout the course of this case and plaintiff's failure to avail himself of Rule 26(b)(4)(A). This provision provides in part:
 
 
 12
 A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
 
 
 13
 Fed.R.Civ.P. 26(b)(4)(A)(i). Defendant's counsel asserts, and the plaintiff does not deny, that the plaintiff never served any interrogatories on the defendant. The plaintiff could have avoided the harm of which he now complains through a simple procedure. "[S]urprise is a poor reason to exclude expert testimony, or to recess a trial for the purpose of allowing rebuttal testimony to be obtained and thereby break the jury's concentration and throw the trial judge's docket out of gear, when Rule 26(b)(4) makes it so easy to get pretrial discovery of the other side's expert evidence." Abernathy v. Superior Hardwoods, Inc., 704 F.2d 963, 969 (7th Cir.1983). In the present case, the trial court neither abused its discretion by refusing to grant additional time to depose Flaherty nor by permitting his testimony at trial.
 
 2. Rebuttal Testimony
 
 14
 Mr. Shannon argues that the district court improperly excluded testimony by plaintiff's rebuttal witness, Investigator Dickens. Purportedly, Dickens would have been able to impeach the testimony of Edwin Armstrong, a defense witness. The district court refused to admit Dickens' testimony on the ground that her testimony would have been collateral. (Tr. at 495). We will uphold a district court's determination as to what constitutes proper rebuttal testimony unless there is an abuse of the trial court's discretion. Spesco, Inc. v. General Elec. Co., 719 F.2d 233, 239-40 (7th Cir.1983). We can find nothing in the record to indicate that Dickens' proffered testimony is in any way inconsistent with that of Armstrong's. The district court did not abuse its discretion.
 
 3. Jury Instructions
 
 15
 The last claim that Mr. Shannon presses on appeal is that he was unfairly prejudiced when the district court allowed the defendant to propose forty-six new jury instructions during the course of the trial. Although the plaintiff broadly asserts that he was prejudiced by these late instructions, he does not give any concrete examples of prejudice. He does not allege that any of the instructions used by the district court incorrectly stated the law or were somehow confusing to the jury. We will not reverse a district court's decision to give or deny jury instructions unless after evaluating all the instructions, evidence, and arguments, it is apparent that "the jury was misled ... [and its] understanding of the issues was seriously affected to the prejudice of the complaining party." Estate of Carey v. Hy-Temp Mfg., Inc., 929 F.2d 1229, 1232 (7th Cir.1991) quoting Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 638 (7th Cir.1991) (citations and quotations omitted). The plaintiff has failed to make any showing of prejudice in this case.
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In his statement of "Issues Presented for Review," plaintiff maintains that the district court erred in refusing to give his punitive damages instruction to the jury. His arguments in his brief, however, make no mention of the punitive damages instruction. The argument is therefore waived. Rutan v. Republican Party of Illinois, 868 F.2d 943, 946 n. 1 (7th Cir.1989), aff'd in part and rev'd in part, 110 S.Ct. 2729 (1990)
 
 
 [2]
 Mr. Shannon alleges that his counsel's efforts to depose Flaherty were somehow frustrated by the defendant. (Appellant's Brief at 6). Beyond his counsel's unsubstantiated remark in this regard, there is no support in the record for this allegation, so we will not consider it on appeal. It is the petitioner's responsibility to present a record on appeal which is adequate for this court to assess all his claims. Fed.R.App.P. 10